UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

CALVIN HUDSON,

        Defendant.

------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/19/20
```

19 CR 496-01 (CM)

## DEFENDANT'S REQUEST TO ADJOURN TRIAL IS DENIED

McMahon, C.J.:

    The court will be resuming jury trials on a master calendar basis, so previously assigned dates are no longer operative. However, I have put in a request for a jury for a trial on or as close to November 8 as is possible. We may get a date; we may not. But I will not withdraw the request.

    Mr. Touger is correct that the court needs to move cases. Mr. Hudson's case happens to be the criminal case highest on that list. The case was most recently scheduled for trial in April. I recognize that the COVID situation has made things perhaps more difficult in terms of trial preparation. However, Mr. Hudson was released on bail due to his age and in order to ease the preparation for his trial in light of the limited access that he would have had to his attorney while incarcerated at the MCC. I expected counsel and Mr. Hudson (who has been complaining about wanting a speedy trial for well over a year) to take advantage of the fact that they had unlimited access to one another. The fact that access had to be telephonic, and that defendant and his lawyer consider that less than desirable, is not a sufficient reason for me to adjourn the trial. Had Mr. Hudson remained incarcerated I would have accepted this excuse; I cannot accept it from a defendant who has been out on bail since the spring.

    The same thing is true of interviewing witnesses and performing other investigative work. It may not feel "normal" to conduct interviews remotely, but it certainly can be done. Moreover, given the imminence of the trial date at the time the courthouse was closed to the public, much of that work should have been done already. I cannot ignore the fact that counsel (even replacement counsel) is not starting from scratch at this point but should have been close to finished with his investigative work, if not entirely finished, before there was any interruption of trials at the courthouse.

    The courthouse and especially the courtrooms are probably among the safest places in New York City. We have adopted numerous protocols designed to ensure the health and safety of all trial participants. The court is 69 years old and perfectly comfortable coming to work in the

courthouse and conducting proceedings in a courtroom. There is no need to worry about the six feet of distance between a defendant and his lawyer; I have conducted several criminal proceedings during which the defendant and his counsel communicated over the internal telephone system that we have installed in our courtrooms; they work beautifully and I can assure counsel that his communications with his client will not be heard (and can be conducted in a whisper). If Mr. Hudson's family members are uncomfortable attending the trial in person, they can be present by telephone. And if there is any change in circumstances that counsels against going forward with a trial this fall, the court is prepared to step back. Right now, with virus at replication rates lower than pandemic levels and with all the safety features that we have installed, there is no reason not to proceed. I note that in-court proceedings (although not jury trials) have been occurring in our courthouses since July 13, and thus far no one has been reported as falling ill.

If we have difficulty getting jurors to come to court, we will know about that well before the trial date and will have to make the necessary accommodation to that reality. If we have jurors, they will be drawn from the same venire pool the court always uses, which has been repeatedly held to be constitutionally compliant. Defense counsel can make whatever motions they will when they see the jurors; I will not anticipate any deficiency that rises to a constitutional level.

In short, we have waited until things have quieted down; as of now they have quieted down; we have taken numerous precautions to minimize the risk to anyone's health; we are essential workers who have an essential job to do, and we need to get started doing it. It is my intention to hold Mr. Hudson's trial this fall if it is at all possible to do so.

Dated: August 19, 2020

_____
Chief Judge

BY ECF TO ALL COUNSEL