UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

    -against-

CALVIN HUDSON,

              Defendant.

------------------------------------------------------------x

19 CR 496-01 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/21

ORDER

McMahon, C.J.:

    Calvin Hudson stands charged in an eleven-count superseding indictment with various crimes: six relate to an alleged drug-dealing conspiracy, and five relate to an alleged loan-sharking scheme. The matter is on this court's calendar for a status conference, *via* Skype, on Tuesday, February 2, 2021, at 2:15 p.m. The original purpose for scheduling the conference was to "set" a trial date.[1] However, a motion by defendant to sever the drug counts from the narcotics counts is still *sub judice*, and it is necessary that the Government put in an additional reply.

    The only ground asserted by Hudson in support of severance that carries any weight is that he wants to testify in his own defense on the extortion counts, but he could not do so at a single trial on all counts, because he does not intend to testify on the drug counts. The Government responded to this argument by asserting that the Court reject the argument on the ground that "the perfunctory affidavit of his attorney claiming that severance would be in Hudson's interest offers no insight "regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other" and so does not "satisfy the

---

[1] The court cannot set trial dates because, due to the COVID-19 Pandemic, all calendaring is being done at present by the Clerk's Office. The most the court can do is request that a trial date be assigned.

court that the claim of prejudice is genuine. [Citing] *United State v. Sampson*, 385 F.3d 183, 191 (2d Cir. 2004) (quoting *Baker v. United States*, 401 F.2d 958, 977 (D.C.Cir.1968))."

In his reply papers, Hudson's counsel suggested that he be permitted to proffer the substance of Hudson's proposed testimony, "if he ultimately opted to do so," through an *ex parte* submission for *in camera* review. At a conference held in court on September 23, 2021, the Court accepted counsel's offer, and counsel made an *ex parte* and *in camera* proffer of what Hudson's testimony would be at a separate trial on the extortion counts, and why he would be precluded from telling that story at a joint trial. The proffer transcript is sealed.

When a defendant claims that joinder is prejudicial because he wishes to testify on some but not all of the counts in an indictment, the defendant must "make[] a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *Sampson*, 385 F.3d at 191 (quoting United States v. Werner, 620 F.2d 922, 930 (2d Cir.1980). "A particularized showing must be made concerning the testimony the defendant wishes to give and his reasons for remaining silent on the joined counts," which allows the Court to "make an independent evaluation of whether the defendant will be prejudiced to an extent that outweighs the interest favoring joinder." *Id.* (quoting *United States v. Jamar*, 561 F.2d 1103, 1108 n.9 (4th Cir. 1977)). "In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine," and to allow the court to then weigh that prejudice against the efficiencies of joinder. *Sampson*, 385 F.3d at 191 (quoting *Baker v. United States*, 401 F.2d 958, 977 (D.C. Cir. 1968)).

After considering the proffer, the Court has concluded that the defendant has "important

testimony" to give concerning the extortion counts. I have further concluded that the defendant has an understandable reason for not wanting to testify on the drug counts.

But that is not the end of the matter. If it is not possible to try the extortion counts without putting before the jury evidence that directly addresses the narcotics counts, then the court would consider whether the use of curative instructions would allay any *undue* prejudice to the defendant from a joint trial. Unfortunately, I cannot tell, from the Government's papers, whether there is any way to try to extortion counts without getting into admissible evidence that pertains to the drug counts.

I thus ask the Government to assume that the proffered testimony relates to the source of the funds that Hudson either loaned to (the Government's story) or invested with (Hudson's story) Victims 1 and 2 (I am not revealing anything to the Government by saying this much about the proffer). If evidence about the defendant's drug dealing would be admissible (1) as part of the Government's case in chief, under any theory; or (2) in rebuttal should the defendant open the door by giving testimony on the subject implicated by his proffer, then I need specific information about (1) what testimony the Government would offer; (2) when; and (3) under what theory or rule of evidence this evidence would be admissible. Since the Government has not filed a sur-reply subsequent to the proffer, it has had no opportunity to address with specificity the matters implicated by the proffer. I need to give the Government that opportunity.

We will discuss this issue at our Skype conference on Tuesday.

Dated: January 29, 2021

_____
Chief Judge

BY ECF TO ALL COUNSEL